UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARRIE M. PERRY-GRIFFITH, )<br><br>*Plaintiff,* )<br><br>v. )<br><br>SITHE MYSTIC, LLC, KAREN GREIG )<br>JUDY DUCAS, TIMOTHY BEDARD and )<br>LAURA MARSHALL )<br><br>*Defendant.* ) | Civil Action No. 04-11793-PBS |

## DEFENDANTS' MOTION TO DISMISS
## AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Fed. R. Civ. P. 12(b)(6), defendants, Mystic I, LLC, f/k/a Sithe Mystic, LLC

("Mystic"), Judy Ducas, Timothy Bedard, and Laura Marshall (collectively, "Defendants"[1])

hereby move to dismiss the complaint of plaintiff, Carrie M. Perry-Griffith ("Griffith"). As set

forth below, most of Griffith's claims are time-barred. The remaining claims are subject to

dismissal because Griffith has not exhausted the required administrative remedies for pursuing

such claims.

### INTRODUCTION

Although the complaint is somewhat confusing, it appears to assert claims for

discrimination arising from Griffith's employment with Sithe New England Power Services, Inc.,

which is now known as BG New England Power Services, Inc. ("New England Power

---

[1] To Defendants' knowledge, Karen Greig, who is identified as a defendant in the complaint, has not been served.

Services").[2]   Most of the allegations set forth in the complaint relate to events that occurred between 1999 and 2001. These allegations formed the bases of two separate discrimination charges that Griffith previously filed against Mystic.

The first charge was filed with the Massachusetts Commission Against Discrimination ("MCAD"), and cross-filed with the Equal Employment Opportunity Commission ("EEOC"), on September 14, 1999. (See Attachment 1 hereto)  On August 15, 2000, the MCAD dismissed Griffith's 1999 charge for lack of probable cause. (See Attachment 2 hereto)

The second charge was filed on March 8, 2001 with the MCAD and EEOC. (See Attachment 3 hereto).  On September 12, 2003, the MCAD dismissed Griffith's 2001 charge for lack of probable cause. (See Attachment 4 hereto)[3]

Griffith's complaint does nothing more than restate the matters in Griffith's MCAD charges – matters that occurred more than 3 years prior to Griffith's court complaint and are therefore time-barred under M.G.L. ch. 151B, § 9. Further, Griffith's complaint does not allege that this civil action was commenced 90 days of receiving a Right-to-Sue Notice from the EEOC, an administrative prerequisite for filing a civil action under federal discrimination laws. As for more recent allegations contained in the complaint, they were never made the subject of charges at the MCAD or EEOC, and therefore cannot be raised for the first time in this civil action.

As set forth more fully below, Griffith's complaint should be dismissed for failure to state a claim.

---

[2]   Although the complaint identifies Mystic as defendant, Griffith was never actually employed by Mystic. Both Mystic and New England Power Services are owned by Boston Generating, LLC.

[3]   This Court can rely on the records of a public agency in adjudicating a motion to dismiss. See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

## ARGUMENT

1. Griffith's Claims Pre-Dating August 11, 2001 Are Time-Barred Under Massachusetts Law

To bring a timely discrimination claim under state law, M.G.L. ch. 151B, § 9 requires

Griffith to have filed her court complaint within three years of the alleged unlawful practice.

Section 9 provides:

> Any person claiming to be aggrieved by a practice made unlawful under this chapter or
> under chapter one hundred and fifty-one C, or by any other unlawful practice within the
> jurisdiction of the commission, may, at the expiration of ninety days after the filing of a
> complaint with the commission, or sooner if a commissioner assents in writing, but not
> later than three years after the alleged unlawful practice occurred, bring a civil action for
> damages or injunctive relief . . .

See M.G.L. c. 151B, § 9.

Because Griffith did not file her court complaint until August 10, 2004, those alleged acts

of discrimination occurring before August 11, 2001 are time-barred under state law.

2. Griffith Has Not Alleged Fulfillment Of The Procedural Requirements Under Federal Law For Filing A Civil Action Based On The Allegations Raised In Her 1999 and 2001 EEOC Charges

To the extent Griffith is bringing federal discrimination claims, there is no allegation that

Griffith has ever received Right-to-Sue Notices from the EEOC, or that this action is filed within

90 days of receipt of such Notices. As the receipt of such a Notice is a prerequisite to the filing

of a civil action under Title VII or the ADA, appropriate, see 29 C.F.R. § 1601.28(b), any federal

discrimination claims are also procedurally barred. See Perez Cordero v. Wal-Mart PR, Inc., 235

F. Supp. 2d 95, 103 (D.P.R. 2002) (adjudicating Rule 12(b)(6) motion and noting that claim

would be subject to dismissal for failure to file within 90 days of EEOC notice).

3.   Any Allegations Not Previously Raised Before the MCAD or EEOC Cannot
Form The Basis Of A Civil Action Under Federal or State Law

The complaint does appear to contain two allegations that post-date August 11, 2001,

namely an on-the-job injury in March 2002 and the termination of a position while she was on

disability in 2004. These allegations are not in any way related to her earlier charges of

discrimination. To the extent Griffith seeks to turn these allegations into discrimination claims,

she must first file timely charges with the MCAD and EEOC. See, e.g., Kale v. Combined Ins.

Co. of America, 861 F.2d 746, 750 (1st Cir. 1988) (ADEA); Kenney v. MML Investors Services,

Inc., 266 F. Supp. 2d 239, 244 (D. Mass. 2003) (Title VII); Sekamate v. Newton Wellesley

Hosp., Civ. A. No. 00-12528 2002 WL 31194873, at *5 (D. Mass. 2002) (ADA); Charland v.

Muzi Motors, Inc., 417 Mass. 580, 585, 631 N.E.2d 555, 558 (1994) (151B).

## CONCLUSION

For the reasons above, Defendants' motion should be granted and Griffith's complaint

should be dismissed.

Respectfully submitted,

/s/ David S. Rubin
David S. Rubin, BBO # 546213
Jeffrey M. Rosin, BBO # 629216
EPSTEIN, BECKER & GREEN, P.C.
111 Huntington Avenue
Boston, MA 02199
(617) 342-4000

COUNSEL FOR DEFENDANTS

Dated:  November 17, 2004

## CERTIFICATE OF SERVICE AND COMPLIANCE WITH LOCAL RULE 7.1

I, Jeffrey M. Rosin, hereby certify that I attempted to confer with *pro se* plaintiff, Carrie M. Perry-Griffith, in advance of filing this motion and that, on this 17th day of November, 2004, a true copy of this Motion was served by First Class Mail upon *pro se* plaintiff:

> Carrie M. Perry-Griffith
> 130 Hodges Street
> Taunton, MA 02780
> (508) 822-2250

> /s/ Jeffrey M. Rosin
> Jeffrey M. Rosin

# ATTACHMENT 1

**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
**One Ashburton Place, Boston, MA 02108**

09-14-1999

Sithe Mystic L L C - Timothy
Bedard, Karan Greig
CHIEF EXECUTIVE OFFICER
173 Alford Street
Charlestown, MA 02129

RE:Carrie Perry Griffith
vs.:Sithe Mystic L L C - Timothy Bedard, Karan Gre
Docket No:99132504
EEOC/HUD No:

Dear Sir/Madam:

Please be advised that the Massachusetts Commission Against Discrimination (MCAD) has received the above referenced complaint of discrimination which alleges that you have committed an act of discrimination. A copy of that complaint is enclosed.

State law requires the Commission to impartially review the allegations in that complaint. The Commission has assigned one of its staff, Edward Cassella, to investigate the complaint. This MCAD investigator will keep the parties informed of developments arising from that investigation.

State law requires that you submit a formal written answer to the complaint in the form of a Position Statement. This written answer should be submitted to MCAD Investigator within twenty-one (21) days of receipt of this notification. A copy must also be forwarded to the Complainant at the address listed on the enclosed complaint.

In order to reduce the time necessary to investigate and resolve complaints of discrimination, the MCAD schedules an Investigative Conference with the parties shortly after the complaint is filed. Information about that Conference is included with this notice.

An Investigative Conference regarding the above complaint will be held at the Commission's Offices, One Ashburton Place, Boston, MA 02108, at 10:30AM on 11-15-1999. You are required to attend this Conference.

One important purpose of this Conference will be to determine whether the parties are willing to consider a rapid, informal and voluntary resolution of this dispute. The Commission encourages such resolutions as an alternative to the often lengthy and expensive litigation process.

If you have any questions pertaining to the Investigative Conference, please contact Edward Cassella at (617) 727-3990 Ext. 272.

Sincerely,

Edward Cassella
Investigator

From: MCAD Complaint; Ltr.to.Resp


RECEIVED
SEP 21 1999

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

PERSON FILING CHARGE:
    Carrie Perry Gri
THIS PERSON (Check One):
    ( ) Claims to be aggrieved
    ( ) Is filing on behalf of
DATE OF ALLEGED VIOLATION:
    04/15/99
PLACE OF ALLEGED VIOLATION:
    SUFFOLK
EEOC CHARGE NUMBER:

FEPA CHARGE NUMBER:
    99BEM2504

Sithe Mystic L L C - Timothy
Bedard, Karan Greig
CHIEF EXECUTIVE OFFICER
173 Alford Street
Charlestown, MA 02129

NOTICE OF CHARGE OF DISCRIMINATION WHERE AN FEP AGENCY WILL INITIALLY PROCESS
(See Attached Information Sheet For Additional Information)

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

[ ] Title VII of the Civil Rights Act of 1964
[ ] The Age Discrimination in Employment Act of 1967 (ADEA)
[ ] The Americans Disabilities Act (ADA)

HAS BEEN RECEIVED BY
[ ] The EEOC and sent for initial processing to  MCAD
                                                     (FEP Agency)
[X] The Mass. Commission Against Discrimination
    (FEP Agency) and sent to the EEOC for dual filing purposes.

While the EEOC has jurisdiction (upon the expiration of any deferral
requirements if this is a Title VII or ADA Charge) to investigate this
charge, EEOC may refrain from beginning an investigation and await the
issuance of the Agency's final findings and orders. These final findings
and orders will be given weight by EEOC in making its own determination as
to whether or not reasonable cause exists to believe that the allegations
made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts
and evidence provided by you to the Agency in the course of its
proceedings will be considered by the Commission when it reviews the
Agency's final findings and orders. In many instances the Commission will
take no further action, thereby avoiding the necessity of an investigation
by both the Agency and the Commission. This likelihood is increased by
your active cooperation with the Agency.

[X] As a party to the charge, you may request that EEOC review the final
    decision and order of the above named Agency. For such a request to be
    honored, you must notify the Commission in writing within 15 days of
    your receipt of the Agency's issuing a final finding and order. If
    the agency terminates its proceedings without issuing a final
    finding and order, you will be contacted further by the Commission.
    Regardless of whether the Agency or the Commission processes the
    charge, the Recordkeeping and Non-Retaliation provisions of Title VII
    and the ADEA as explained on the second page of this form apply.

For further correspondence on this matter, please use the charge number(s) shown.

[ ]    An Equal Pay Act Investigation (29 U.S.C 206(d) will be conducted by the Commission concurrently with the Agency's investigation of the charge.

[X]    Enclosure: Copy of the Charge

---

Basis of Discrimination:

( )Race        ( )Color        ( )Sex            ( )Religion        ( )National Origin
( )Age         ( )Disability  ( )Retaliation  ( )Other

---

Circumstances of alleged violation:
  SEE ENCLOSED COPY OF THE CHARGE OF DISCRIMINATION (or EEOC FORM 5)

---

| Date | Type Name/Title of Authorized EEOC Official | Signature |
|------|---------------------------------------------|-----------|
| 09/14/99 | Robert L. Sanders, Director | |

---

Form:131

**The Commonwealth of Massachusetts**
**Commission Against Discrimination**

*16699 2818*

DOCKET NUMBER:99132504
FILING DATE:09-14-1999

EEOC/HUD NUMBER:
VIOLATION DATE:04/15/99

------------------------------------------------------------------

**Name of Aggrieved Person or Organization:**
Carrie Perry Griffith
63 Crawford Street
Dorchester, MA 02121
Telephone Number: (617) 541-8921

------------------------------------------------------------------

**Named is the employer, labor organization, employment agency, or state/local government agency who discriminated against me:**
Sithe Mystic L L C - Timothy
Bedard, Karan Greig
CHIEF EXECUTIVE OFFICER
173 Alford Street
Charlestown, MA 02129
Telephone Number:(617) 381-2351       No. of Employees:20 +

Work Location: CHARLESTOWN,MA
------------------------------------------------------------------

**Cause of Discrimination based on:**
Race, Color
Age.
(Black (Non-Hispanic)
Age of Complainant, specified).
------------------------------------------------------------------

**The particulars are:**
I, Carrie Perry Griffith, the Complainant believe that I was discriminated against by Sithe Mystic L L C - Timothy Bedard, Karan Greig, on the basis of Race, Color Age. This is in violation of M. G. L. Chapter 151B S4 P1,1B.

SEE ATTACHMENT.

------------------------------------------------------------------

I swear or affirm that I have read this complaint and that it is true to the best of my knowledge, information and belief.

*Carrie M. Perry-Griffith*
(Signature of Complainant)

SWORN TO AND SUBSCRIBED BEFORE ME THIS 14th Day of September, 1999

NOTARY PUBLIC,

SIGNATURE, NOTARY PUBLIC *Michelle Hightower* MY COMMISSION
EXPIRES: 01/05/06

September 1, 1999

Massachusetts Commission Against Discrimination
1 Ashburton Place
Boston, Massachusetts  02199

Dear Sir/Madam:

I am filing this discrimination claim as a result of unfair and unethical acts that have been
performed against me by the General Manager, and the Human Resource Director at the
Sithe Mystic Station located at 173  Alford Street, Charlestown, Ma. 02129.

The following is a sequence of events that have occurred that prompted me to file this
discrimination claim on age and race:

On April 1, 1999 the Human Resource Director hired a new grade 5 clerk, who was
previously known to the Director.  I was advised that this clerk was hired to assist me
with my workload.  I am currently a grade 7 clerk.  For the past 21 years I have held the
position of clerk at the previously known Boston Edison Company, now known as Sithe
Mystic Station.  Ten of my 21 years of service was spent performing the present duties of
station clerk.

The Human Resource Director did not assign the new clerk to the same office are with
me.  Instead the new clerk was placed at the Training School at Mystic Station.  It was at
this time that my entire workload was taken away from me and given to the newly hired
clerk.

There are a total of 3 grade 7 clerks, including myself, each performing the same job
assignments but stationed at different locations.  I am the senior of the three clerks.  I was
the only clerk whose work was taken and assigned to the new clerk, who is also younger
than I am.

I obtained a copy of the posted job description and it had the same job requirements as
the job I presently hold.  I feel that as a result of the job being posted as a grade five it
was intended to look as though an additional clerk was being hired.

Since the hiring of this new clerk my work has been taken away along with my computer
ID and Password leaving me without any work to do or any access to the computer.
When I complained to my General Manager, I was given work that was not relevant to
my job description.  Some of the work consisted of coping material from books of old

Material Safety Data Sheets, creating a new filing system, compiling old files and boxing them for storage, cleaning the supply room, and categorizing all supplies on hand. Not only has my workload been taken from me, but also my General Manager speaks to me in a humiliating manner, which is dehumanizing and degrading to the extent that I am made to feel very uncomfortable on the job.

Since the inception of the new company, I was promised by my General Manager to be trained on new company procedures. When this did not happen I met with my Union Representative, and he in turn met with my General Manager, and was advised that I would be trained on the new company procedures. To date I have not been formerly trained, while the other two clerks have had formal training.

I would also like to advise you that when the grade 6 at the Medway Station was upgraded to a grade 7, I was never offered a lateral move.

I look forward to hearing from you upon the completion of your investigation into these matters.

Thank you.

Sincerely,

Carrie M. Perry-Griffith

## DISCRIMINATION CLAIM

Parties Involved:

Timothy Bedard – General Manager
Slithe Mystic
173 Alford Street
Charlestown, MA 02129

Karen Greig – Human Resource Director
Slithe New England
173 Alford Street
Charlestown, MA 02129

Lora Marshall – Grade 5 Clerk
173 Alford Street
Charlestown, MA 02129

John Cloutier – Union Steward (Union Representative)
Steam Engineer
173 Alford Street
Charlestown, MA 02129

# ATTACHMENT 2

**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
**1 Ashburton Place, Boston, MA 02108**

03-08-2001

Sithe Mystic Llc
Human Resources
173 Alford Street
Charlestown, MA 02129

RE:Carrie Perry-Griffith
vs.:Sithe Mystic Llc
Docket No:01130634
EEOC/HUD No:

Dear Sir/Madam:

Please be advised that the Massachusetts Commission Against Discrimination (MCAD) has received the above referenced complaint of discrimination which alleges that you have committed an act of discrimination. A copy of that complaint is enclosed.

State law requires the Commission to impartially review the allegations in that complaint. The Commission has assigned one of its staff, Jeannine Rice, to investigate the complaint. This MCAD investigator will keep the parties informed of developments arising from that investigation.

State law requires that you submit a formal written answer to the complaint in the form of a Position Statement. This written answer should be submitted to MCAD Investigator within twenty-one (21) days of receipt of this notification. A copy must also be forwarded to the Complainant at the address listed on the enclosed complaint.

In order to reduce the time necessary to investigate and resolve complaints of discrimination, the MCAD schedules an Investigative Conference with the parties shortly after the complaint is filed. Information about that Conference is included with this notice.

An Investigative Conference regarding the above complaint will be held at the Commission's Offices, 1 Ashburton Place, Boston, MA 02108, at 10:30AM on 04-10-2001. You are required to attend this Conference.

One important purpose of this Conference will be to determine whether the parties are willing to consider a rapid, informal and voluntary resolution of this dispute. The Commission encourages such resolutions as an alternative to the often lengthy and expensive litigation process.

If you have any questions pertaining to the Investigative Conference, please contact Jeannine Rice at (617) 727-3990 Ext. 26091.

Sincerely,

Jeannine Rice
Investigator

From: MCAD Complaint; Ltr.to.Resp

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

PERSON FILING CHARGE:
      Carrie Perry-Gri
THIS PERSON (Check One):
      ( ) Claims to be aggrieved
      ( ) Is filing on behalf of
DATE OF ALLEGED VIOLATION:
      03/07/01
PLACE OF ALLEGED VIOLATION:
      Suffolk
EEOC CHARGE NUMBER:

FEPA CHARGE NUMBER:
      01BEM0634

Sithe Mystic Llc
Human Resources
173 Alford Street
Charlestown, MA 02129

---

NOTICE OF CHARGE OF DISCRIMINATION WHERE AN FEP AGENCY WILL INITIALLY PROCESS
          (See Attached Information Sheet For Additional Information)

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

    [ ] Title VII of the Civil Rights Act of 1964
    [ ] The Age Discrimination in Employment Act of 1967 (ADEA)
    [ ] The Americans Disabilities Act (ADA)

HAS BEEN RECEIVED BY
    [ ] The EEOC and sent for initial processing to  MCAD
                                                           (FEP Agency)

    [X] The Mass. Commission Against Discrimination
        (FEP Agency) and sent to the EEOC for dual filing purposes.

While the EEOC has jurisdiction (upon the expiration of any deferral
requirements if this is a Title VII or ADA Charge) to investigate this
charge, EEOC may refrain from beginning an investigation and await the
issuance of the Agency's final findings and orders. These final findings
and orders will be given weight by EEOC in making its own determination as
to whether or not reasonable cause exists to believe that the allegations
made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts
and evidence provided by you to the Agency in the course of its
proceedings will be considered by the Commission when it reviews the
Agency's final findings and orders. In many instances the Commission will
take no further action, thereby avoiding the necessity of an investigation
by both the Agency and the Commission. This likelihood is increased by
your active cooperation with the Agency.

    [X]  As a party to the charge, you may request that EEOC review the final
         decision and order of the above named Agency. For such a request to be
         honored, you must notify the Commission in writing within 15 days of
         your receipt of the Agency's issuing a final finding and order. If
         the agency terminates its proceedings without issuing a final
         finding and order, you will be contacted further by the Commission.
         Regardless of whether the Agency or the Commission processes the
         charge, the Recordkeeping and Non-Retaliation provisions of Title VII
         and the ADEA as explained on the second page of this form apply.

The Commonwealth of Massachusetts
Commission Against Discrimination

DOCKET NUMBER:01130634
FILING DATE:03-08-2001

*16CA1 1111*

EEOC/HUD NUMBER:
VIOLATION DATE:03/07/01

--------------------------------------------------------

Name of Aggrieved Person or Organization:
Carrie Perry-Griffith
P.O. Box 365618
Hyde Park, MA 02136
Telephone Number: (617) 541-8921
--------------------------------------------------------

Named is the employer, labor organization, employment agency, or state/local
government agency who discriminated against me:
Sithe Mystic Llc
Human Resources
173 Alford Street
Charlestown, MA 02129
Telephone Number:(617) 381-2351      No. of Employees:20 +

Work Location: Charlestown, MA
--------------------------------------------------------

Cause of Discrimination based on:
Race, Color
Age
Disability
Disability.
(Black (Non-Hispanic)
Age of Complainant, specified
Other motor/limb (including use of other orthopedic devices)
Back injury or problem (e.g. removed disc)).
--------------------------------------------------------

The particulars are:
I, Carrie Perry-Griffith, the Complainant believe that I was
discriminated against by Sithe Mystic Llc, on the basis of Race,
Color Age Disability Disability. This is in violation of M. G. L.
Chapter 151B S P.

I have been working for the company for a total of 24 years. I have
been having a difficult time since August, 2000 when June Ducas, my
supervisor, was asked to train me in some of her job
responsibilities. She refused to train me, clearly not wanting me to
have this information. In November 2000 I had a work related injury
and began to be discriminated against by the company on the basis of
my disability. There were all kinds of problems with the doctors and
I was suspended, the first time, in January because of a missed day
due to doctor's appointments. After that, I started to have even
more trouble. I had a difficult time with another co-worker Laura
Marshall. On numerous occasions she was extremely rude to me. She
would harass me and deny me information, such as my payroll time
sheet and the watch schedule for the month. One day I went and asked
her to make a habit of giving me a copy of the schedule and we got
into an argument. She started screaming at me and was incredibly
hostile. After the incident I spoke with both Ms. Ducas and Mr.
James Jones(the Chief Steward of the union). After meetings the next
day, it turned out that I was not believed and that I was blamed for

the incident despite the fact that I did nothing. I was suspended for this as well, my second suspension in 24 years. Since then I have continued to be harassed. My final suspension occured on March 7, 2000 because I was humming and Ms. Ducas told me to stop and when I didn't she said I was insubordinate and suspended me. I feel that all of this discriminatory behavior is occuring as a result of my disability, my race(I'm the only black person in the section) and my age(Ducas prefers the newer younger workers.)

-----------------------------------------------------------------

I swear or affirm that I have read this complaint and that it is true to the best of my knowledge, information and belief.

_Carrie Sn Perry Griffith_
(Signature of Complainant)

SWORN TO AND SUBSCRIBED BEFORE ME THIS 08th Day of March, 2001

NOTARY PUBLIC: _____

SIGNATURE / NOTARY     PUBLIC: _____          MY    COMMISSION
EXPIRES: 7/6/0

For further correspondence on this matter, please use the charge
number(s) shown.

[ ]   An Equal Pay Act Investigation (29 U.S.C 206(d) will be conducted by the
      Commission concurrently with the Agency's investigation of the charge.

[X]   Enclosure: Copy of the Charge

---

Basis of Discrimination:
( )Race       ( )Color       ( )Sex       ( )Religion      ( )National Origin
( )Age        ( )Disability  ( )Retaliation ( )Other

---

Circumstances of alleged violation:
 SEE ENCLOSED COPY OF THE CHARGE OF DISCRIMINATION (or EEOC FORM 5)

---

| Date | Type Name/Title of Authorized EEOC Official | Signature |
|------|---------------------------------------------|-----------|
| 03/08/01 | Robert L. Sanders, Director | |

---

Form:131

# ATTACHMENT 3

## MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION
### ONE ASHBURTON PLACE, ROOM 601  BOSTON, MA 02108
### (617) 727-3990

## -DISMISSAL and NOTIFICATION of RIGHTS-

DATE: **AUG 1 5 2000**

| | |
|---|---|
| To:   Carrie Perry Griffith<br>63 Crawford Street<br>Dorchester, MA 02121 | Case:        Griffith v. Sithe Mystic<br>Docket No:   99-BEM-2504<br>EEOC No:     16C992818<br>Investigator:  Edward M. Cassella |

Your complaint is dismissed for the following reasons:

[  ]  The facts you allege fail to state a claim under any of the statutes the Commission enforces.

[  ]  Respondent employs less than the required number of employees

[  ]  Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[  ]  You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint.  You have had more than 30 days in which to respond to our written request.

[  ]  The Commission's efforts to locate you have been unsuccessful. You have had at least 30 days in which to respond to a notice sent to your last known address.

[  ]  The Respondent has made a reasonable settlement, offering full relief for the harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[ XX ]  The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

[  ]  Other (briefly state) _____

### -NOTICE of APPEAL-

If you wish to appeal the dismissal of your complaint and believe that the above stated reason for dismissal is incorrect, you may appeal to this Commission within 10 days after receipt of this notice. Your appeal of the dismissal must be made in writing by you or your attorney to the appeals clerk of this Commission. (Attention: Ms.Nancy To).

All employment complaints, where applicable, were filed by the MCAD with the Equal Employment Opportunity Commission. Our finding, which will be forwarded to its area office, JFK Federal Building, Boston, MA will be given substantial weight provided that such findings are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the ADEA, and/or the ADA, as amended.

_____          _____
Investigating Commissioner                                    Date
Douglas T. Schwarz

cc:    David S. Rubin, Esq.
       Epstein Becker & Green P.C.
       75 State Street
       Boston, MA 02109

**MEMORANDUM**

**AUG 1 5 2000**

To:   Case File
       Griffith v. Sithe Mystic
       99-BEM-2504

Fr:    Edward Cassella

Re:   RECOMMENDATION for DISMISSAL OF COMPLAINT

**Issue(s) Investigated:**

    Whether Complainant was discriminated against because of his race/color (Black), in violation of M.G.L. Chapter 151B, Section 4. Paragraph 1 and Title VII of the 1964 Civil Rights Act. Complainant alleges Respondent created a new job for someone else in order to remove the Complainant from employment at a later date. Complainant also alleges specific functions ( i.e. time-sheet entry) were unfairly removed from her list of required duties. Complainant further alleges that she was not given the proper training she was promised from which she could complete her required tasks.

**Basis for Recommendation:**

    Respondent denies the allegations and states that the Complainant had in fact begun training as of 10/26/99. Respondent also documents the Complainant's high degree of errors while carrying out time-sheet entry. The Complainant was employed as a Grade seven clerk. In April 1999, the Respondent hired a Grade five clerk to assist with some of the Complainant's functions. Investigation reveals this new Grade five clerk was hired to perform lower level functions and not to replace the Complainant. The Respondent, after having spoken with the Complainant, reassigned the Complainant's lower grade level duties of time-sheet entry to the new employee so that the Complainant could concentrate on completing the Grade seven tasks required of her. The Respondent has articulated legitimate and non-discriminatory reasons for this change in the Complainant's tasks. The Complainant has not established that the Respondent's actions were pretextual. For the above-mentioned reasons it is recommended that this case be dismissed for Lack of Probable Cause.


_Anthony Pane_ (signature)
Anthony Pane
Field Representative

_Edward M. Cassella_ (signature)
Edward M. Cassella
Compliance Officer

_Jean A. Clanton_ (signature)
Jean A. Clanton
Supervisor

# ATTACHMENT 4

**MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION**
ONE ASHBURTON PLACE, ROOM 601 BOSTON, MA 02108
(617) 727-3990

### -DISMISSAL and NOTIFICATION of RIGHTS-

SEP 1 2 2003

| To: | Carrie Perry-Griffith<br>P.O.Box 365818<br>Hyde Park, MA 02136 | Case: Perry-Griffith v. Slihe Mystic<br>MCAD Docket #: 01-13-0634<br>EEOC No: 16CA11111<br>Investigator: Jeannine Rice |
|---|---|---|

Your complaint is dismissed for the following reason(s):

[ ]    The facts you allege fail to state a claim under any of the statutes the Commission enforces.

[ ]    Respondent employs less than the required number of employees.

[ ]    Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ]    You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint. You have had more than 30 days in which to respond to our written request.

[ ]    The Commission's efforts to locate you have been unsuccessful. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ]    The Respondent has made a reasonable settlement, offering full relief for the harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[ X ]    The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

[ ]    Other:

### -NOTICE OF APPEAL-

If you wish to appeal the dismissal of your complaint and believe that the above stated reason for dismissal is incorrect, you may appeal to this commission within 10 days after receipt of this notice. Your appeal of the dismissal must be made in writing by you or your attorney to the appeals clerk of this Commission. (Attention: Ms. Nancy To).

All employment complaints, where applicable, were filed by the MCAD with the Equal Employment Opportunity Commission. Our finding, which will be forwarded to its area office, One Congress Street Boston, MA will be given substantial weight provided that such findings are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the ADEA, and/or the ADA as amended.

Walter J. Sullivan
Investigating Commissioner

Date:

Robin B. Lesser
Epstein Becker & Green
75 State Street
Boston, MA 02109

TO:    Case File: Perry-Griffith, Carrie v. Sithe Mystic
       01-13-0634
       EEOC#: 16CA11111
       No. of Employees: 25+

FROM: Jeannine Rice

RE:    RECOMMENDATION for DISMISSAL of COMPLAINT

<u>Issue(s) Investigated:</u>

Whether Complainant was discriminated against on the basis of Race/Color (Black) Age (56), Disability (Back) when she was unjustly suspended in violation M.G.L. Chapter 151B, §4, ¶1, 1B16, the ADA, the ADEA and Title VII of the 1964 Civil Rights Act as amended.

<u>Summary of Findings:</u>

Complainant has worked for the Respondent for 24 years and since 1998 has held the position of clerk at the Mystic Station. A second clerk, Laura Marshall, was hired in March 1999. Marshall and the Complainant reported to June Ducas (60 years old). Following Ms. Marshall's hire, the Complainant filed an MCAD complaint allege age discrimination-the matter was given an LOPC dismissal in 8/2000. The present complaint was filed in March 2001.

Investigation reveals the Complainant volunteered to work at the Respondent's Medway Station where the QuickBooks software program was in place. Upon returning to Mystic station location, the Complainant continued to use the QuickBooks system. A review of her work indicated however that she had problems. Her supervisor offered to assist her but the problems persisted. A new accounting system, SAP, was instituted in August 2000 although the Complainant continued to use QuickBooks. The Complainant was scheduled for training on the new system on October 6, 2000. She failed to appear for this training. Special arrangements were made to reschedule her for SAP training. Investigation reveals the Complainant told her union representative that she needed more training and that sometimes Ducas was impatient with her. Complainant was scheduled for more training and was reminded that she needed to be more mindful on her supervisor's workload. She was also cautioned that she needed to curb her 45-minute lunch hours to 30 minutes (company policy).

Complainant reported that on November 17, 2000 she suffered a workplace injury when she fell off her chair. Even though she worked from Nov. 20-22, she failed to report on November 24, 27 and 28 allegedly due to her workplace injury. The Respondent was concerned over Complainant's absence because she had returned to work immediately following the injury. As a result, the Complainant was scheduled for a medical exam following which she was cleared to return work on December 4; she once again failed to report and did not return to work until January 16. She was given a suspension for failing to report to work. On January 25, Ducas overheard an argument between Marshall and the Complainant. Ducas intervened when it seemed clear the two women could not resolve the matter. Both women were reprimanded but because the

Complainant failed to take responsibility for the argument (Ducas overheard the entire argument) and failed to truthfully report the incident, the Complainant was more severely reprimanded. On March 7 the Complainant was cited for insubordination when she continued to behave in a disruptive manner while filing in her supervisor's office. Despite having been asked several times to stop her loud humming, the Complainant persisted.

The Respondent has articulated a legitimate non-discriminatory reason for disciplining the Complainant. The Complainant has failed to articulate the elements of a prima facie case of age, disability or racial discrimination. In fact she has failed to provide one comparator, one witness or one fact that substantiates her claims. It is recommended this complaint be dismissed due to a lack of probable cause.

Jeannine K. Rice
Investigator

Jean A. Clanton
Supervisor