UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CARRIE M. PERRY-GRIFFITH, | ) ) ) | |
| *Plaintiff*, | ) ) | Civil Action No. 04-11793-PBS |
| v. | ) ) | |
| SITHE MYSTIC, LLC, KAREN GREIG JUNE DUCAS, TIMOTHY BEDARD and LAURA MARSHALL | ) ) ) ) | |
| *Defendant*. | ) ) | |

**DEFENDANTS' MOTION TO FILE A REPLY IN RESPONSE
TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
<u>DISMISS WITH INCORPORATED MEMORANDUM OF LAW</u>**

Defendants, Mystic I, LLC, f/k/a Sithe Mystic, LLC ("Mystic"), June Ducas, Timothy Bedard, Laura Marshall and Karen Greig (collectively, "Defendants") hereby move to file this Reply responding to the Opposition of plaintiff, Carrie M. Perry-Griffith ("Griffith"), to Defendants' Motion to Dismiss ("Motion").[1]

For their Reply arguments, Defendants state as follows:

**A.    Griffith's Opposition Fails To Refute Defendants' Statute of Limitations
        Argument For Dismissal Of All Of Her State Law Discrimination Claims**

In Point 1 of Defendants' Motion, Defendants argued that any claim of discrimination by Griffith pre-dating August 11, 2001 was time-barred under Massachusetts law, which requires such claims to be filed within three years of the alleged unlawful practice. M.G.L. ch. 151B, § 9. Griffith's Opposition fails to identify any basis to make any state discrimination claims

---

[1] Defendant Karen Greig filed a Motion on December 21, 2004 joining the Motion to Dismiss filed by the other Defendants on November 17, 2004. (*See* Docket #'s 14, 18)

timely. To the contrary, in a document dated July 30, 2004 attached as part of Griffith's Opposition, she claims: "The discriminatory acts occurred on or about: August 2000." (*See Docket #17*)

For this additional reason, Griffith's state law discrimination claims should be dismissed as time-barred.

**B.    Griffith's Opposition Shows That She Has Only Satisfied Procedural Prerequisites To Suit On Three Federal Discrimination Claims, But Such Claims Must Be Dismissed As Well**

In Point 2 of Defendants' Motion, Defendants argued that Griffith's federal discrimination claims were barred because she failed to allege certain procedural prerequisites to suit – i.e., (i) that she had received a Right-to-Sue Notice from the Equal Employment Opportunity Commission ("EEOC") and (ii) that she filed her federal court complaint within 90 days of her receipt of any such Notice.

Griffith's Opposition includes one Right-to-Sue Notice dated May 10, 2004, which related to her second charge of discrimination ("Second Charge").[2] Since Griffth filed this court complaint on August 10, 2004, the federal discrimination claims at-issue in that Second Charge may not be procedurally barred.

As set forth below, however, such claims still should be dismissed.

    1.    **Griffith's Federal Claims Against The Individual Defendants Should Be Dismissed**

Griffith's federal discrimination claims are not properly asserted against the individual defendants named in Griffith's complaint. "Although the First Circuit Court of Appeals has

---

[2] Griffith filed two charges of discrimination with the Massachusetts Commission Against Discrimination, each bearing EEOC docket numbers as well, 16C992818 and 16CA11111. The May 10, 2004 Notice of Right to Sue attached as part of Griffith's Opposition is for the latter charge number.

declined to determine whether individuals can be held liable under the federal discrimination statutes, almost all circuits that have addressed the issue have determined that individual liability is not authorized." Orell v. UMass Memorial Medical Center, Inc., 203 F. Supp. 2d 52, 64 (D. Mass. 2002) (citations omitted). Moreover, "[m]ost district courts in this circuit have also determined that the statutes do not invoke individual liability." Id. (citations omitted).

Applying this rule, Griffith's federal claims against the individual defendants should be dismissed.

2. Griffith's Federal Claims Against The Corporate Defendant Should Be Dismissed

A close look at Griffith's Second Charge and her court complaint also demonstrates that there is no basis for a federal discrimination lawsuit against the corporate defendant, Mystic.

The allegations in Griffith's Second Charge are set forth in a document Griffith attaches to her Opposition entitled, "Recommendation for Dismissal of Complaint," from Jeannine Rice to Griffith's administrative case file. As outlined in that document, Griffith alleged age, disability and race discrimination from (i) an alleged unjust suspension in January 2001 for failing to report to work for an extended period of time, (ii) alleged disparate treatment in a January 2001 reprimand, and (iii) a citation for insubordination in March 2001 due to her disruptive behavior in her supervisor's office. The agency investigator found that Griffith had failed to articulate a *prima facie* case on any of those claims.

In Griffith's court complaint -- a vague document, at best -- Griffith continues to fail to allege any facts supporting a *prima facie* case on such claims. Indeed, for her disability discrimination claim, Griffith fails to allege that she was a disabled individual – i.e., "substantially limited" in some "major life activity." See Soileau v. Guilford of Maine, Inc., 105

3

F.3d 12, 14 (1st Cir. 1997). As such, her *prima facie* case of disability discrimination fails for all three incidents at-issue.

For two of the three incidents at-issue (i.e., the January 2001 suspension for failure to report to work and the March 2001 citation for disruptive behavior), Griffith's *prima facie* case of disability, race and age discrimination fails because Griffith does not identify any similarly situated persons not in her protected class who acted similarly but were treated differently.

Griffith only claims that she was treated differently from Laura Marshall in the January 2001 reprimand, but an employer's reprimand should not be the basis for a federal cause of action. As the First Circuit's recognizes: "[w]ork places are rarely idyllic retreats, and the mere fact that an employee is displeased by an employer's act or omission does not elevate that act or omission to the level of a materially adverse employment action." Blackie v. Maine, 75 F.3d 716, 725 (1st Cir. 1996); see also Bryant v. R.L. Brownlee, 265 F. Supp. 2d. 52, 62 (2003) ("Certainly employers are permitted to criticize an employee's work without giving rise to a federal cause of action.").

For these reasons, Griffith's federal discrimination claims against Mystic should be dismissed.

    3.    To The Extent Griffith Attempts To Bring A Harassment Claim, She Failed To Meet Administrative Prerequisites To Suit

Griffith's complaint contains a long monologue labeled "Harassment History," but Griffith did not assert a harassment claim at the administrative level. As noted above, in Griffith's Second Charge, she asserted claims of disability, race and age discrimination only.

Accordingly, to the extent Griffith attempts to assert a harassment claim in this Court, it should be barred for Griffith's failure to exhaust her administrative remedies on the claims. See Lattimore v. Polaroid Corp., 99 F.3d 456, 463 (1st Cir. 1996) (noting that *pro se* status does not

4

relieve employee of obligation to meet procedural requirements established by law and that harassment claims were not part of agency charge which alleged discrimination only).

## CONCLUSION

For the additional reasons above, Defendants' Motion to Dismiss should be granted and Griffith's complaint should be dismissed.

                                          Respectfully submitted,

                                          /s/ Jeffrey M. Rosin
                                          David S. Rubin, BBO # 546213
                                          Jeffrey M. Rosin, BBO # 629216
                                          EPSTEIN, BECKER & GREEN, P.C.
                                          111 Huntington Avenue
                                          Boston, MA 02199
                                          (617) 342-4000

                                          COUNSEL FOR DEFENDANTS

Dated:  January 14, 2005

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

      I, Jeffrey M. Rosin, hereby certify that I attempted to confer with *pro se* plaintiff, Carrie M. Perry-Griffith, in advance of filing this motion and that I left Carrie M. Perry-Griffith a telephone message on December 27, 2004 for that purpose.

                                /s/ Jeffrey M. Rosin
                                Jeffrey M. Rosin

### CERTIFICATE OF SERVICE

      I, Jeffrey M. Rosin, hereby certify that, on this 14th day of January, 2005, a true copy of this Motion was served by First Class Mail upon *pro se* plaintiff:

      Carrie M. Perry-Griffith
      130 Hodges Street
      Taunton, MA 02780
      (508) 822-2250

                                /s/ Jeffrey M. Rosin
                                Jeffrey M. Rosin